■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL J. O'ROURKE, Appellant.— *Per Curiam*. Appeal from an order of the County Court of Albany County which denied, without a hearing, defendant's application in the nature of a writ of error *coram nobis*. The defendant claims that he was legally insane at the time of his plea and, in support of his claim, he alleges that, shortly after his commitment, he was found to be insane and transferred to Dannemora State Hospital. The allegations of the petition were not denied but it was contended that, in the absence of proof of insanity at the time of plea and sentence, a hearing was not required. On this state of the record the defendant is entitled to a hearing and an opportunity to produce his proof (*People* v. *Beauchamp*, 19 A D 2d 662). In commenting on the cited case we said in *People* v. *Drake* (20 A D 2d 826) : "In *Beauchamp*, the petitioner

alleged that he was an 'ex-inmate of Arizona State Hospital' and under the liberal view we accord such petitions we held that this was a sufficient allegation of fact to entitle the petitioner to a hearing." Order reversed, on the law and the facts, and case remitted to the County Court of Albany County for a hearing solely on the issue of defendant's alleged mental incompetence at the time of plea of guilty and sentence. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.